UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STACEY COOK, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } CASE NO. 2:12-cv-1063-RDP |
| | } |
| BESSEMER CITY BOARD OF | } |
| EDUCATION, et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

Before the court is Plaintiff's Motion to Remand (Doc. #7), filed April 30, 2012. Defendants filed a Response to Plaintiff's Motion to Remand on May 7, 2012. (Doc. #10). The parties attended a Rule 16(b) Scheduling Conference on August 1, 2012, and pursuant to an order entered that same day (Doc. #17), the court granted Defendants' leave to file supplemental briefing by August 3, 2012. Defendants filed a Supplemental Memorandum in Support of Notice of Removal on August 3, 2012. (Doc. #18). Plaintiff chose not to file a reply. Plaintiff's Motion is properly under submission. For the reasons discussed below, Plaintiff's Motion to Remand is due to be granted.

I.   BACKGROUND

Plaintiff initiated this lawsuit in the Circuit Court of Jefferson County on October 6, 2011. (Doc. # 1-4). Plaintiff alleges a school resource officer injured him during an altercation over a cell phone. (*Id.*). The Initial Complaint asserted various claims, including violation of due process, assault, battery, negligent training and supervision, and wantonness. (*Id.*). Plaintiff has sued a number of Defendants: (1) The Bessemer City Board of Education ("Board of Education"); (2) Vera Eades, in her official capacity as a member of the Bessemer City Board of Education and in her

individual capacity ("Eades"); (3) Renna Scott, in her official capacity as a member of the Bessemer City Board of Education and in her individual capacity ("Scott"); (4) Darlene Perkins, in her official capacity as a member of the Bessemer City Board of Education and in her individual capacity ("Perkins"); (5) Hattie Aikerson, in her official capacity as a member of the Bessemer City Board of Education and in her individual capacity ("Aikerson"); (6) Earlean Cochran, in her official capacity as a member of the Bessemer City Board of Education and in her individual capacity ("Cochran"); (7) Sam Morris, in his official capacity as a member of the Bessemer City Board of Education and in his individual capacity ("Morris"); (8) Christine Knight, in her official capacity as a member of the Bessemer City Board of Education and in her individual capacity ("Knight"); (9) Dr. Fred Primm, in his official capacity as Superintendent of the Bessemer City Board of Education and in his individual capacity ("Primm"); (10) RADE Corporation ("RADE"); (11) Alvin Leavell, as owner or Chief Executive Officer of the RADE Corporation and in his individual capacity ("Leavell"); and (12) Rodney Jones, in his official capacity as a RADE officer and in his individual capacity ("Jones").  (*Id.*)[1]

Defendants Morris, Knight, and Primm were served with the Initial Complaint in their individual and official capacities on January 10, 2012.  (Doc. #4-3).  Defendant Scott was served with the Initial Complaint in her individual capacity on January 11, 2012.  (*Id.*)  Also, on January 11, 2012, Defendants Perkins, Aikerson, and Cochran were served with the Initial Complaint in their individual and official capacities. (*Id.*).  Defendant Eades was served with the Initial Complaint in her individual and official capacity on January 17, 2012. (*Id.*).  The Bessemer Board of Education

---

[1] Defendants 1-9 were the only defendants to join in the Notice of Removal (Doc. # 1). Throughout the remainder of this memorandum opinion, Defendants 1-9 will be referred to collectively as either the "Board Defendants" or the "Removing Defendants."

was served with the Initial Complaint on January 26, 2012. (*Id.*). Defendant Scott was served with the Initial Complaint in her official capacity on January 31, 2012. (*Id.*). Defendant Jones was also served with the Initial Complaint in his official and individual capacity on January 31, 2012. (Doc. #1-5). Defendant Leavell was served in his individual capacity on April 3, 2012. (Doc. #7, Ex. B)[2]. Although there is no indication from the record that Defendant RADE was ever served with the Initial Complaint, the court accepts the parties' stipulation as to service upon RADE on April 3, 2012. (Doc. # 18, n.1).

Plaintiff filed an Amended Complaint on March 8, 2012. (Doc. # 1-1). The Amended Complaint contains seven counts to relief. Plaintiff asserts breach of contact (Count 1); violation of substantive due process (Count 2); assault and battery against Defendant Jones (Count 3);[3] negligent training and supervision (Count 4); negligence against the Board Defendants (Count 5); wantonness (Count 6); and negligence against Defendants RADE and Leavell (Count 7). Notwithstanding the title of each count, the substance of Plaintiff's allegations in his Amendment Complaint appear to be whether Defendants violated Plaintiff's rights to substantive and procedural due process. Plaintiff alleges violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id.* ¶ 39). Plaintiff also asserts violations under 28 U.S.C. § 1983. (*Id.* ¶¶ 1, 39).

The underlying facts in the Amended Complaint are identical to those in the Initial Complaint: Plaintiff sustained injuries on or about February 8, 2010, while a student at the New

---

[2] Even though Plaintiff filed an Amended Complaint on March 8, 2012, state court records appear to indicate that Defendant Leavell was only initially served with the Initial Complaint on April 3, 2012. (Doc. # 18-1, Ex. A).

[3] Although Plaintiff's heading for Count Three states "Assault and Battery Against Defendant Cook," there is no Defendant Cook named in the caption or elsewhere. Therefore, because paragraphs supporting this count refer to Defendant Jones, the court assumes there is a typographical error in the heading.

Horizon Bessemer City School. (*Id*. ¶¶ 9, 14-15). Plaintiff asserts that Defendant Jones, a resource officer working for RADE, questioned him about a "cell phone in his possession" and allegedly "threw him to the ground." (*Id*. ¶¶ 12-15). Plaintiff asserts that as a result of the altercation with Defendant Jones, he "lost consciousness" and also "suffered from post concussion syndrome, a strain hip and thigh as well as strains to his back and neck." (*Id*. ¶¶ 14-15). Plaintiff also claims that he continues to suffer from memory loss. (*Id*. ¶ 15).

Based upon the claims arising under 28 U.S.C. § 1983 and the United States Constitution, the Board Defendants filed a Notice of Removal on April 6, 2012 (Doc. # 1). Defendants Jones, Leavell, and RADE did not join in the Notice of Removal. Plaintiff filed a Motion to Remand on April 30, 2012, claiming the Notice of Removal was procedurally defective because not all Defendants joined in or consented to removal. (Doc. #7, ¶¶ 1-5). The Board Defendants filed a Response to Plaintiff's Motion to Remand on May 7, 2012, arguing that because Defendants Jones, Leavell, and RADE had not been served with the Amended Complaint, their consent to removal was not required. (Doc. # 10, ¶¶ 3-4). Subsequently, Defendants Leavell and RADE filed a Joinder in Removal (Doc. # 12) on May 30, 2012. Defendant Jones did not file a Consent to Removal (Doc. # 13) until October 3, 2012.

## II.   STANDARD OF REVIEW

It has long been recognized that federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Indeed, federal courts may only exercise jurisdiction conferred upon them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Anytime a "federal court acts outside its statutory subject matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Uni. of S. Ala. v. Am. Tobacco Co.*,

4

168 F.3d 405, 409 (11th Cir. 1999) (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 2020, 212 (1971).

Generally, any action filed in state court, over which a district court would have original jurisdiction, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).[4]  The burden of establishing subject matter jurisdiction for the purpose of a valid removal to this court is on the removing party. *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).  Federal courts strictly construe removal statutes and resolve all doubts in favor of remand. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-30 (11th Cir. 2006).

### III. DISCUSSION

#### A. Timeliness of Notice of Removal and Motion to Remand

##### 1. Notice of Removal

Procedurally, the removal statute provides two ways in which a case may be removed.  Here, the Board Defendants removed this action under what was formerly known as "second paragraph removal,"[5] which contemplates removal when the case is not removable on the basis of the initial pleading. *See* 28 U.S.C. § 1446(b).  A removing defendant must file a notice of removal within

---

[4] Congress recently amended the removal statutes, including 28 U.S.C. § 1441 and 28 U.S.C. § 1446, pursuant to the Federal Courts Jurisdiction and Venue Clarification Act (the "Act"). The Act only applies to actions commenced in state court after January 6, 2012. Pub. L. No. 112-63, § 105(a), 125 Stat. 758, 763 (2012). The applicable commencement date is supplied by the law of the state from which the case was removed. *Id.* § 105(b). According to the Alabama Rules of Civil Procedure, "a civil action is commenced by filing a complaint with the court." Ala. R. Civ. P. 3(a). If the "same substantial facts are pleaded merely in a different form," the filing of an amended complaint does not commence a new action. *Ex parte Johnson-Tombigbee Furniture Mfg. Co., Inc.*, 937 So. 2d 1035, 1038 (Ala. 2005). Plaintiff's Initial Complaint was filed on October 6, 2011. Plaintiff's Amended Complaint was filed on March 8, 2012. The Amended Complaint is based on identical facts as the Initial Complaint. Because the action was commenced on October 6, 2011, the Act simply does not apply here. Therefore, all references to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 will relate to the language of those statutes *prior* to amendments by the Act.

[5] *See supra* note 4.

thirty (30) days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id.* Plaintiff filed an Amended Complaint on March 8, 2012. (Doc. # 1-1), which arguably raised federal claims for the first time. The Board Defendants filed their Notice of Removal on April 6, 2012, within thirty (30) days of service on them of the Amended Complaint. (Doc. # 1). Notwithstanding any other procedural deficiencies,[6] the Board Defendants' Notice of Removal was timely filed.

### 2. Motion to Remand

The remand statute requires that a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1441(a)." 28 U.S.C. § 1447(c). Plaintiff filed a Motion to Remand (Doc. # 7) on April 30, 2012, well within Section 1447(c)'s thirty day period. (Doc. # 1). Thus, Plaintiff's Motion to Remand was timely filed, and the court may properly consider the arguments raised therein. In particular, Plaintiff claims that the Board Defendants' Notice of Removal is defective because Defendants Jones, Leavell, and RADE did not timely join in removal. (Doc. # 7, ¶¶ 2-5).

### B. Unanimity Rule

The former version of 28 U.S.C. § 1446 does not require that all defendants join in or consent to removal.[7] However, prior to passage of the amendments codifying the unanimity rule, the Eleventh Circuit had already adopted it in this Circuit. *See Russell Corp. v. Am. Home. Ins. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("[F]ederal courts have universally required unanimity of consent

---

[6]Namely, all properly joined and served Defendants did not join in or consent to removal. As discussed below in Part III. B, this procedural defect requires remand of this action.

[7]*See supra* note 4.

in removal cases involving multiple defendants. There are several such bright line limitations on federal removal jurisdiction (e.g., the removal bar for in-state defendants and the one year time limit for diversity removals) that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove."). The unanimity rule requires that a removing defendant "receive the consent of all then-served defendants at the time he files his notice of removal." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008).

In their initial Response to Plaintiff's Motion to Remand, the Board Defendants argue that because Defendants Jones, Leavell, and RADE had not been served with the Amended Complaint that their consent to removal is not required. (Doc. # 10, ¶¶ 3-4). In supplemental briefing permitted by the court, the Board Defendants again make the assertion that Defendant Jones' consent is not required because he had not been served with the Amended Complaint. (Doc. # 18). Additionally, the Board Defendants also argue that Defendants Leavell and RADE's consent is not required because the Board Defendants lacked constructive notice that Defendants Leavell and RADE has been served with the Initial or Amended Complaint. (*Id.*).[8] The court need not address this argument regarding the timing of service on Defendants Leavell and RADE and the Board Defendants' notice or lack thereof of such service. The Board Defendants were aware that on

---

[8] In their Supplemental Memorandum in Support of Notice of Removal, the Board Defendants state that they were "unaware, at the time of filing their removal petition that Leavell had been properly served. . . . [t]he return of service upon defendant Leavell in his individual capacity was filed with the state court at approximately 3:55 p.m. on April 6, 2012. The Board Defendants' Notice of Removal was filed with this Honorable Court on April 6, 2012 at 2:02 p.m." (Doc. # 18). Essentially, the Board Defendants ask this court to engage in an analysis that, to date, the Eleventh Circuit has not considered–namely, whether the court should excuse the Board Defendants' failure to obtain Defendants Leavell and RADE's because notice of service of process upon these Defendants did not occur until two and a half hours after the Board Defendants' filed their Notice of Removal. For the reasons stated below, however, this is not the issue upon which the court's ruling turns.

January 31, 2012, Defendant Jones was served with the Initial Complaint. (Doc. #18). Because Defendant Jones had been so served at the time the Board Defendants filed their Notice of Removal, Defendant Jones' consent was required. *See Bailey*, 536 F.3d at 1207. And, because Defendant Jones did not join in or consent to removal, the Board Defendants' Notice of Removal is procedurally defective.

Even if Defendants Leavell and RADE's consent to removal is not required due to the Board Defendants' lack of actual or constructive knowledge of service, Defendant Jones' consent was required. In their supplemental filing supporting removal, the Board Defendants correctly note that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process" *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). The Eleventh Circuit has endorsed this view. *See, e.g.*, *Bailey v. Janssen Pharmaceutia, Inc.*, 536 F.3d 1202, 1208 (11th Cir.) (noting that *Murphy Brothers* supports the "last-served defendant" rule, giving each defendant 30 days within which to file a notice of removal, because "a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process").

Notwithstanding that Plaintiff's Amended Complaint may have made the action removable for the first time, and notwithstanding that a defendant need not participate in removal proceedings absent formal service, the Board Defendants cite to no authority (and the court is unaware of any such precedent) excusing the consent of a defendant to removal when that defendant has been served with an initial pleading but not the amended pleading making the action removable.[9]   Here,

---

[9]In their Notice of Removal, the Board Defendants state that the Amended Complaint was "served on [their] counsel of record on March 8, 2012." (Doc. #1). That may be so–however, the Board Defendants were no more *formally* served by the March 8, 2012 3:20 p.m. electronic transmittal than was Defendant Jones. (See Doc. # 1-5). Both

8

Defendant Jones was properly served with the Initial Complaint on January 31, 2012. (Doc. # 7, ¶ 3; Doc. # 10, ¶ 3; Doc. #18). The burden was on the Board Defendants to obtain the consent of Defendant Jones prior to filing their Notice of Removal.[10] Furthermore, once made aware that Defendants Leavell and RADE had been served on April 6, 2012, out of an abundance of caution, the Board Defendants could have attempted to notify those Defendants to formally join in removal within 30 days of service.[11] Because precedent in this circuit cautions that removal statutes are to be narrowly construed and the removing defendants bear the burden of establishing the propriety of removal, the Board Defendants failure to obtain the consent of all Defendants favors remand in this case.

## IV.     CONCLUSION[12]

---

the Board Defendants and Defendant Jones were made aware by that transmittal that Plaintiff had filed an Amended Complaint.

[10] Defendant Jones' Consent to Removal (Doc. # 21), filed on October 3, 2012 does nothing to change the analysis. Because Defendant Jones had been formally served with the Initial Complaint, Defendant Jones' consent to removal was required when the Board Defendants filed their Notice of Removal on April 6, 2012. Moreover, even if the court accepted the Board Defendants' argument that service of the Amended Complaint on Defendant Jones was necessary before his consent was required, the record indicates Defendant Jones was served with the Amended Complaint on August 29, 2012. (Doc. # 20). Although now codified at 28 U.S.C. § 1446(b)(2)(B), prior to passage of the Act, *see supra* note 4, the Eleventh Circuit had adopted the "last-served defendant" or "every defendant" rule, giving each defendant thirty days from service of an initial pleading or "other paper" within which to remove or join removal. *See Bailey*, 536 F.3d at 1203, 1209. Therefore, any consent or joinder to removal was due on or before September 28, 2012. Defendant Jones' Consent to Removal was filed on October 3, 2012 (Doc. 20). Thus, *if* service of the Amended Complaint was required, Defendant Jones' Consent to Removal on October 3, 2012 is untimely and procedurally defective.

[11] Defendants Leavell and RADE did file a Joinder in Removal on May 30, 2012 (Doc. # 12). Defendants Leavell and RADE were served with the Initial Complaint on April 3, 2012. (Doc. #7, Ex. B; Doc. # 18, n.1). Defendants Leavell and RADE's Joinder of Removal was filed more than 30 days after service. Therefore, assuming Defendants Leavell and RADE's consent is required, their failure to join in or consent to removal within 30 days of service is yet another procedural defect requiring remand in this action.

[12] In light of the court's conclusion that there were procedural flaws in the removal process, the Board Defendants' Motion to Dismiss Amended Complaint will be carried back to state court as part of this remand. (Doc. #1-3).

As the removing defendants, the Board Defendants have not met their burden of establishing a joinder in removal by all Defendants as required under 28 U.S.C. § 1446(a). Therefore, their removal of this case is procedurally deficient and this case is due to be remanded to the Circuit Court of Jefferson County. The court will enter a separate order consistent with this Memorandum Opinion.[13]

**DONE** and **ORDERED** this ___4th___ day of October, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ R. David Proctor
　　　　　　　　　　　　　　　　　　　　　　　　**R. DAVID PROCTOR**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[13]Plaintiff's Motion to Remand requests imposition of costs, including attorney's fees, incurred by reason of the removal proceedings. (Doc. # 3, ¶ 10). The court will let costs remain taxed as paid.